FEDERICO ALCALÁ FERNÁNDEZ, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1662. Argued June 24, 1946.—Decided July 16, 1946.

---

*Benjamín Ortiz* and *Alvarado Ortiz* for petitioner.  *E. Campos del Toro, Attorney General, L. Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez,* for The People.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On July 14, 1944, an information was filed against petitioner for the offense of grand larceny and on the same day he furnished a bail bond.  After a trial by the court without a jury, the petitioner was convicted of the offense charged and sentenced on February 14, 1945.  On that day he filed a notice of appeal in this court and furnished bond for the appeal which was approved on the same date.  The appeal was dismissed by this court on May 7, 1945, and on that day the petitioner filed a second notice of appeal which was dismissed on May 20 last.  After the second appeal was dismissed and before the petitioner began to serve his sentence, he filed in the lower court on June 7 last, a motion seeking the benefits of Act No. 259, approved to have immediate effect on April 3, 1946.[1]  After the hearing of petitioner's motion, on June 10 last, the lower court dismissed it and ordered the execution of the judgment.  The grounds on which the trial judge based the dismissal of petitioner's motion are as follows:

---

[1] Section 2 of Act No. 259 (Laws of 1946, p. 534) provides:

"The effect of the sentence imposed on any person guilty of a felony other than murder in the first degree, shall be suspended, and the person sentenced placed on probation whenever at the time of imposing said sentences the following requisites concur: (*a*) that the defendant has not been convicted, sentenced and confined in prison for any offense whatsoever prior to the commission of the offense for which he is prosecuted; (*b*) that the offense committed does not evince the degree of moral warping that makes indispensable confinement of the offender in a penal institution as an attempt at reform; (*c*) that the trial court has before it a report made it to by a probation officer of the court or of the Parole Board, · after said probation officer has carefully investigated the circumstances of the offense committed, the family background, and the social history of the accused, and that such investigation disclosed that said defendant was always a law-abiding citizen; *Provided,* That the trial court shall fix the terms under which the accused shall be placed on probation. *Provided, further,* That the court may, in its discretion, in addition to placing the person sentenced on probation, impose on him a fine proportionate to the nature of the offense committed."

"The Court believes that the suspension of the sentence does not lie because when the latter was pronounced on February 14, 1945, Act No. 259 had not been enacted or even presented to the Legislature.

"The sentence which the defendant must serve, that is, the judgment of conviction, is the one pronounced by this Court and not the judgment that might be rendered by the Supreme Court on appeal pursuant to the ruling in *Rivera* v. *Saldaña*, 62 P.R.R. 420."

From this decision petitioner appealed to this court by way of certiorari. The question for determination is whether Act No. 259 is applicable to sentences passed prior to its effectiveness, but which on appeal became final subsequent to said date.

The Act in question does not require, by its letter nor by its spirit, that the suspension of the effect of the sentence shall be necessarily decreed at the moment of its pronouncement by the court of original jurisdiction. What it does require is that at said moment the circumstances provided by § 2 should be present. Naturally, in order to fully comply with the Act the suspension should be decreed before service of the sentence is begun. This is so, because from that moment what lies is the parole or pardon which may have effect from the moment the crime was committed. *Ex parte Garland,* 4 Wall, 333 (U. S. 1866).

The Probation Act, 18 U.S.C.A. §§ 724–727, grants discretionary power to the federal district courts to suspend the sentences and to place the defendant upon probation after conviction, or after a plea of guilty or *nolo contendere.* Under this Act, it has been repeatedly held that the federal district courts may make use of their power to suspend sentences when the mandate affirming the judgment is returned, provided defendant has not entered on the service of his term of imprisonment. *Shaw* v. *United States,* 151 F. (2d) 967 (C.C.A. 6th, 1945); *White* v. *Steigleder,* 37 F. (2d) 858 (C.C.A. 10th, 1930); *United States* v. *Gargano,* 25 F. (2d) 723 (E.D. La. 1928); *Ackerson* v. *United States,* 15 F. (2d)

268 (C.C.A. 2d, 1926); *Kriebel* v. *United States,* 10 F. (2d) 762 (C.C.A. 7th, 1926); *Nix* v. *James,* 7 F. (2d) 590 (C.C.A. 9th, 1925).

The fact that Act No. 259 was not in force when the district court rendered judgment is immaterial in this case. It is a remedial statute that benefits the defendant and neither the letter nort the spirit of the law offered any ground for the strict construction applied by the respondent court. *Nix* v. *James, supra.*

In his brief, the *Fiscal* of this court argued that mandamus and not certiorari lies in this case, as in his opinion this is a case where the lower court declared itself without jurisdiction. The *Fiscal's* theory rests on a false premise. The respondent court did not declare itself without jurisdiction. On the contrary, it assumed jurisdiction and decided that Act No. 259 was not applicable to petitioner's case because when sentence was passed by the court of original jurisdiction, Act No. 259 had not been enacted.

The decision appealed from must be set aside and the case remanded to the lower court for the application of § 2 of Act No. 259 of April 3, 1946.